## Hudson *v.* Jefcoat

No. 43557      June 7, 1965      176 So. 2d 264

*William E. Andrews, Jr.,* Purvis, for appellant.

*James Finch,* Hattiesburg; *Paul G. Swartzfager,* Laurel, for appellee.

GILLESPIE, J.

John Hudson, plaintiff below and appellant here, filed this action in replevin against Roy Jefcoat, defendant below and appellee here, to recover possession of a Fruehauf cattle trailer. The issues were presented to a jury and a verdict was returned in favor of the defendant Jefcoat and judgment was entered accordingly. Plaintiff Hudson appealed to this Court.

It was appellant's contention that he purchased the trailer in question from Fruehauf Trailer Company, New Orleans, Louisiana, and sent Z. J. Freeman to New Orleans with a blank check signed by John Hudson

because the exact purchase price was not then known, and that the said Freeman delivered the check to Fruehauf, which was filled in for $5,946.79. Freeman then received the trailer and returned it to Lamar County, Mississippi, where appellant and Freeman lived. It was further the contention of appellant that he leased the cattle trailer to Z. J. Freeman under an oral contract whereby Freeman would buy the tags, pay the taxes, all upkeep and expenses, and pay to appellant twenty percent of the gross revenue earned by the trailer as rental. He further contended that Freeman had no title to the trailer and no right to sell it. Appellant had a bill of sale showing the sale of the aforesaid trailer by Fruehauf to John Hudson for cash, properly describing the cattle trailer by number.

It was the contention of appellee that appellant agreed to loan Z. J. Freeman the money with which to buy the trailer and that when Freeman returned from New Orleans with the trailer and several copies of the bill of sale showing the purchase made by John Hudson, Hudson directed Freeman to go back to New Orleans and have the bill of sale made out to Z. J. Freeman; that Freeman went back to New Orleans and carried a copy of the bill of sale made out to Hudson, which someone in the office to Fruehauf destroyed and issued a new one showing Z. J. Freeman as the purchaser. It was further contended by appellee that Freeman repaid to appellant something over $6,000 which represented the amount loaned by appellant to Freeman with interest.

Appellee further contends that after Freeman had used the trailer for more than a year, business got slack and Freeman parked the trailer at his father's home in Lamar County where it stayed for several months, after which he sold the trailer for a valuable consideration to the predecessor in title of the appellee, Jefcoat, and thereafter Jefcoat purchased and took possession of the trailer and had it in his possession when this suit was filed.

The jury was justified in finding that appellant permitted the bill of sale from Fruehauf to be issued in the name of Z. J. Freeman and vested Z. J. Freeman with every indicia of ownership as well as possession, and that the predecessor in title of appellee was an innocent purchaser for value without notice of any claim that appellant might have had to said trailer, if any. Early Chevrolet Co. v. Nicholson, 228 Miss. 497, 88 So. 2d 111 (1956). We find no reversible error, and in our opinion the case should be and is affirmed.

Affirmed.

*Ethridge, P. J., and Jones, Brady and Smith, JJ.,* concur.